MARY J. FORREST
vs.
LETITIA FRAZIER.  } MARCH TERM, 1850.

[VACATING DEED.]

A DEED cannot be overthrown unless it can be shown that it was executed under the influence of fraud, accident, or mistake.

The allegations of an answer that the recitals contained in a deed are fraudulent and false, unsupported by evidence of fraud or mistake, are altogether inadequate to overcome the explicit language of the deed.

[The bill in this case was filed on the 22d of September, 1847, by the complainant, who is the administratrix of her deceased husband, George T. Forrest, against the defendant seeking the enforcement of the trusts of a certain deed, bearing date the 17th of July, 1845, by which a lot of ground in the city of Baltimore was conveyed to the defendant by one William Hanson and wife, "in trust for the use and benefit of the said George T. Forrest, during his life, and after his death, in trust for such person or persons as he may by his last will and testament direct and appoint, and in default of such appointment, then in trust for such person or persons as would, by the now existing laws of the state of Maryland, be the heirs of the said George, to take an estate in fee simple in lands by descent from him."

The bill also seeks an account for the rents and profits of this trust estate, and further prays for a sale, for the purpose of partition of a leasehold interest in a certain other lot of ground, which was conveyed to the said George T., and the said defendant as tenants in common by one George Prestman and wife by deed dated 2d of October, 1845. And further charges that at the time of his death, said George was in a partnership business, in the city of Baltimore, with defendant, the assets of which partnership she has appropriated to her own use and refused to account therefor, and that said George had a deposit in the Savings Bank of Baltimore, in connection with the de-

fendant, which she has withdrawn and also appropriated to her own use, and refused to account for to the complainant.

The defendant, by her answer, denies that Forrest was the purchaser of the lot of ground conveyed to her by Hanson and wife, and alleges that all the recitals in said deed as to thé purchase money being the money of Forrest, and as to the property being held in trust, were the result of the contrivance and fraud of said Forrest, and utterly and completely false. The answer also alleges that Forrest was in no respect the purchaser of the lot of ground conveyed by Prestman and wife, and that the statements in the conveyance are fraudulent and untrue— that said Forrest taking advantage of the ignorance of respondent, who could not read, while acting as her agent, procured the deed to be so worded as to give himself an equal right therein with respondent. The answer also denies the existence of the partnership or the deposit as charged in the bill. A commission was issued and testimony taken, and afterwards, by consent, a supplemental bill was filed, by which Mary Forrest, an infant, and the only child and heir at law of George Forrest, was made a party complainant. The cause being set down for final hearing by agreement, the Chancellor delivered the following opinion.]

THE CHANCELLOR:

I have carefully read the pleadings and proofs in this case, and am of opinion that the trusts of the deed of William Hanson and wife, to the defendant Frazier, dated the 17th of July, 1845, should be enforced. This deed recites, that the consideration money, $200, paid for the property conveyed by that deed, was "the proper money and funds of George T. Forrest, of the city of Baltimore, paid by the party of the second part," (Letitia Frazier,) and this recital is in perfect harmony with the receipt appended to the conveyance, by which it appears that the money was paid by her. It was in fact paid to the vendors by her, but the money was, nevertheless, according to the express declaration of the recital, the money of George T. Forrest. There is not, therefore, in my opinion, any conflict between the

recital and the receipt, as seems to be assumed in the answer; nor is there any parol evidence sufficiently strong to overthrow the deed, which must stand, and be permitted to govern the rights of the parties with respect to the property embraced in it, unless it can be shown that it was executed under the influence of fraud, accident or mistake, of any sufficient evidence of which, as I think, the record is destitute.

The answer alleges, that the recital in the deed as to the purchase money, being the money of the said Forrest, and as to the property being held in trust, "were the results of the contrivance and fraud of said Forrest, and are false." And it is suggested, what honest purpose was to be accomplished by means of a trust?

But this allegation of the answer is altogether inadequate- to overcome the explicit language of the deed, unsupported as the allegation is, by that kind of evidence which should be required, when these solemn instruments of writing are assailed. With regard to the inquiry as to what honest purpose was to be accomplished by means of a trust, it may be observed, that however significant such a question might be, when proceeding from a creditor having a right to complain, (if there be any such,) it does not appear to me to be a very appropriate ques- to be put by the trustee receiving the deed.

Besides seeking to enforce the trusts of this deed, the bill prays for the sale (for the purpose of partition) of certain leasehold property, conveyed by George Prestman and wife to the said Forrest, and Letitia Frazier, by deed dated the 22d of October, 1845.

By this deed, the grantees became tenants in common of the property therein mentioned, for the term of ninety-nine years, with the privilege of renewal, upon the terms and conditions therein specified.

The answer to this part of the bill avers, that Forrest was in no respect the purchaser of the ground conveyed by Prestman, and states, that he, Forrest, having been requested by the respondent to attend to the said transfer, abused his trust, and knowing the ignorance of the respondent, caused and procured

14*

the said deed to be so worded as apparently to give him equal right with respondent. But she utterly denies that he paid one dollar of the purchase money, the whole being paid by her.

The defence, therefore, is, that the defendant paid the entire purchase money for this parcel of property, and that Forrest, imposing upon her ignorance, fraudulently procured the deed to be so worded as to give him an interest equal to hers. Now, this allegation of the answer is not only unsustained by proof, but the evidence of Prestman, the grantor in the deed, and of Robert A. McAllister one of the justices before whom it was executed, is in pointed opposition to it. Mr. Prestman says, the agreement for the purchase was made by Forrest, the purchase money was paid by him, and that when the last payment was made, which was in the presence of the defendant, witness "asked them how the deed was to be made, and both George Forrest, and Letitia Frazier, conversed on the subject in the presence of witness, and agreed, and so told the witness, that the deed should be made to George Forrest and Letitia Frazier." Witness had the deed drawn and. they were both present together at its execution, and signed it, but it is so long ago the witness does not recollect whether it was read to them.

But Mr. McAllister, the magistrate, proves not only that the deed was executed and acknowledged before him, as a magistrate, but that it was fully read and explained by the witness and Mr. Prestman, both to Forrest and Letitia Frazier before its execution; and the witness adds, that he cannot be mistaken on the subject.

In view of this testimony, therefore, in addition to the fact, that the deed was executed, and duly acknowledged, by the vendors and George T. Forrest and Letitia Frazier, and in the absence of all evidence of a direct character to conduct us to a different conclusion, it would seem impossible to sustain the defence; and, therefore, this deed, like that which has been already considered, must be permitted to have its legal effect. I shall, therefore, decree a sale of the property for the purpose of partition.

The allegations of the bill, with reference to the partnership and the deposit in the Savings Bank of Baltimore, I do no think are made out; and, consequently, no relief with respect to those allegations will be granted.

The case must go to the Auditor to take an account of the trust estate, and as there is no evidence by which the rents and profits or annual value can be ascertained, a provision must be inserted in the decree for the taking of depositions upon that subject. The decree may direct a sale of the leasehold estate, and appoint a trustee to make the sale, requiring him to give bond, and report his proceedings to this court in the usual way. The decree will also appoint a new trustee to take charge of the trust estate.

[No appeal in this case.]

CHARLES H. PITTS, for Complainants.

T. Y. WALSH, for Defendant.